GEORGE S. DASO, as Trustee for THOMAS & BUCKLEY HOISTING COMPANY, Appellant, v. UNITED HOISTING Co., INC., Respondent.— In an action to recover under a contract providing for the retirement of certain shares of the first preferred stock of the defendant, judgment for defendant, dismissing the complaint upon the merits, with costs, entered upon a verdict of a jury directed by the court after setting aside the answers of the jury to specific questions submitted to it, reversed upon the law, with costs, the answers of the jury to the questions submitted to it reinstated and a general verdict thereupon directed for the plaintiff for the relief demanded in the complaint, with costs, and judgment directed accordingly. In our opinion, the burden was upon the defendant to sustain its defense that the defendant on the dates in question had no surplus. (*Richards* v. *Wiener Co.*, 207 N. Y. 59, 65.) We further think that the defendant failed to sustain this burden, and that it was error, therefore, for the court to set aside the answers made by the jury to the questions submitted to it and to direct a verdict for the defendant. In any event, we think that the evidence presented a question of fact for the determination by the jury, and that its verdict should not have been disturbed. Young, Carswell, Tompkins and Johnston, JJ., concur; Lazansky, P. J., concurs for reversal but dissents from the direction of judgment for plaintiff and votes for a new trial.

WILLIAM P. DWYER, Respondent, v. JOHN CHISESI, Appellant.— Order in so far as it denies defendant's motion for a bill of particulars in respect to items numbered 2 and 3 of the notice of motion reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted in respect to those items. The particulars are to be furnished within ten days from the entry of the order herein. The particulars demanded do not come within the purview of *Loeb* v. *Loeb* (240 App. Div. 912) or *Chavias* v. *Turner* (194 id. 882). Lazansky, P. J., Young and Hagarty, JJ., concur; Carswell and Scudder, JJ., dissent and vote to affirm.

THE FIDELITY MUTUAL LIFE INSURANCE COMPANY OF PHILADELPHIA, PENNSYLVANIA, Respondent, v. HERMAN GLUCK, Also Known as MORRIS GLICK, Appellant, and Another, Defendant.— Order denying motion of defendant Herman Gluck to dismiss the complaint affirmed. Order striking out three defenses modified by providing that defendant Herman Gluck shall have leave to serve, within ten days from the entry of the order herein, an amended answer containing the subject-matter of the third defense, setting forth in detail the facts stated to plaintiff's agent concerning defendant's health, family history and insurability, and as so modified affirmed. Such defenses might be available to said defendant if the applications for insurance were not attached to the policies, as required by section 58 of the Insurance Law. The complaint alleges that such applications were attached. The answer denies these allegations. There being but one record, respondent is awarded ten dollars costs and disbursements. Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ., concur.